UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WESLY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:09CV0007 LMB |
| | ) | |
| BANK OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Darnell Moon (registration no. 34077-04), an inmate at FCI-Oxford, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $121.82. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $43.56, and an average monthly balance of $609.10. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $121.82, which is 20 percent of plaintiff's average monthly balance.

## The Complaint

Plaintiff brings this action against the Cape Girardeau branch of Bank of America. Plaintiff's stated basis for invoking this Court's jurisdiction is that Bank of America is insured by the Federal Deposit Insurance Corporation ("FDIC").

Plaintiff alleges that Bank of America failed to properly protect his account from identity theft. Plaintiff claims that, as a result of defendant's negligence, he lost money. Plaintiff also claims that defendant failed to acknowledge deposits that he made to his account.

## Discussion

Under 28 U.S.C. § 1331, this Court has jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court is required to dismiss a case "at any time" if it determines that subject matter jurisdiction is lacking.

The fact that Bank of America is insured by the FDIC does not give rise to jurisdiction under 28 U.S.C. § 1331. C.f., 28 U.S.C. § 1348 (giving district courts jurisdiction over civil actions against banking associations brought by the United States); 12 U.S.C. § 632 (giving district courts jurisdiction over civil actions arising out of international banking or where any Federal Reserve bank is a defendant). Plaintiff still must identify a violation of federal law or of the Constitution, which he has not. Instead, plaintiff's allegations sound in state law. As a result, the complaint will be dismissed pursuant to Rule 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $121.82 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because subject matter jurisdiction is lacking.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th Day of January, 2009.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE